## BURTON v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 6, 1953.

Milliken & Milliken, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., William H. Natcher, Bowling Green, for appellee.

CAMMACK, Justice.

Elmo Smith Burton was convicted of voluntary manslaughter and sentenced to two years in prison. On this appeal he asks that the judgment be reversed because the court erred in failing to give an appropriate instruction on self-defense as the counterpart of the instruction on involuntary manslaughter. He relies upon the case of Sikes v. Commonwealth, 304 Ky. 429, 200 S.W.2d 956. That case is controlling here, for the reasons hereinafter discussed.

Burton and his wife went to the Beech Bend Park to dance. During the course of the evening they left the dance floor and started in the direction of their car. When they had gone some 50 feet, they stopped, and, according to Burton's testimony, he had his arms around his wife's shoulders when the deceased, Earl Houchens, made an offensive remark to him. According to the Commonwealth's testimony, Burton and his wife were arguing as Houchens and two companions were passing them in back of Burton. That Houchens made some remark to Burton is not in question. After Burton said something to Houchens, the latter walked up behind Burton and placed his hand on his shoulder. According to Burton's testimony, he turned around and pushed Houchens' hand away with his left arm and slapped at him with his right hand. Houchens fell backwards, striking his head on the ground. He never regained consciousness and the coroner testified that he died from a fracture at the base of his skull. A part of the evidence for the Commonwealth substantiated Burton's version of the encounter. Some of the witnesses said, however, that, when Houchens placed his hand on Burton's shoulder, the latter turned around and knocked Houchens down.

Clearly, this was a case for the application of the rule announced in the Sikes

case. In this case, as in the Sikes case, the instruction given on self-defense as a counterpart of the instruction on involuntary manslaughter was predicated upon the idea that the accused could defend himself if he believed he was in danger of death or other great bodily harm. The type of self-defense instruction which should be given is discussed fully in the Sikes opinion. It would serve no useful purpose to discuss that question again in this opinion.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.